## EMORY STONE v. STATE.

No. A-8386. Aug. 16, 1932.
(13 Pac. [2d] 873.)

 

Orban Patterson, Karl Cunningham, and Kenneth Kienzle, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with Charles Crawford of the larceny of an automobile; was tried separately, convicted and sen-

tenced to serve ten years in the state penitentiary, and has appealed.

It is conceded by the state that Charles Crawford is an accomplice of the defendant Emory Stone. The testimony tends to show that Joe Sheulen, of Hennessey, Okla., lost a Chevrolet car on or about the 6th day of July, 1931; that on or about the 14th or 15th day of July, 1931, the officers were at the home of Charley Crawford in Oklahoma county, when Charley Crawford, Haskell Hulen, and the defendant drove up in the car that was afterwards identified as the car stolen from Joe Sheulen at Hennessey. Haskell Hulin was driving the car. Charley Crawford detailed at length what he and Haskell Hulin had been doing with reference to stealing cars, and stated the defendant in this case had been changing the numbers and overhauling them, and, if he had a chance to sell them, he sold them; they had been paying the defendant, when he had overhauled the cars, from $50 to $75, and, if they had two cars, they gave the defendant one for overhauling the other. Crawford further stated they intended to turn over the Sheulen car to the defendant; they had agreed to that a few minutes before the officers put them under arrest. He further stated he and Hulin were still in possession of the car at the time they were arrested. The defendant was riding in the car when they drove up to the Crawford home.

It is not disputed that Haskell Hulin and the accomplice, Charley Crawford, who testified for the state, had stolen Sheulen's car at Hennessey, Okla. The only testimony in the record that tends in any way whatever to connect the defendant Stone with the larceny of the car is his presence with Hulin and Crawford when they drove up to the defendant Crawford's home, which was six or eight days after the car had been stolen.

Crawford claims they were to turn the car over to the defendant for what they owed him. The testimony further tends to show that Haskell Hulin's whereabouts was unknown. The testimony of the witness Crawford further tends to show that the defendant Stone did not know Crawford and Hulin intended to steal the Sheulen car; witness stated they drove to Enid and back by way of Hennessey and saw the car; that Hulin opened the door of the car. This is in substance the testimony.

Several errors are alleged to have been committed by the trial court court sufficient to warrant a reversal. The only error it is deemed necessary to consider is the first:

"That the court erred in denying the plaintiff in error's motion for a new trial."

The defendant in his brief urges the failure of the state to corroborate the testimony of Charley Crawford, who is an admitted accomplice, and insists that the state has wholly failed by any independent testimony to corroborate Crawford.

Section 2701, C. O. S. 1921, is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

There is no statement of the owner of the car or either of the officers which tends to show that the defendant had any knowledge that the Sheulen car was going to be taken, or that he knew the witness Crawford was in the Hennessey neighborhood, nor is there any evidence other than the accomplice's that defendant had any knowl-

edge the car in which he was riding when the defendant Crawford and Hulin were arrested at the Crawford home was a stolen car.

This court has repeatedly held that the defendant cannot be convicted upon the uncorroborated testimony of an accomplice. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Boggess v. State, 52 Okla. Cr. 266, 4 Pac. (2d) 697, and cases therein cited.

The evidence tends to show that the defendant had received cars and changed the numbers on them in Oklahoma county, knowing the cars to have been stolen, but from a careful reading of the record in this case we are convinced that the evidence is insufficient to warrant a conviction for theft of this car, for the reason there is not sufficient corroboration of the accomplice.

The judgment of the trial court is reversed.

EDWARDS and CHAPPELL, JJ., concur.